T.C. Memo. 2004-227

UNITED STATES TAX COURT

NORMA A. COHEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8404-02.                    Filed October 7, 2004.

<u>Neil L. Prupis</u>, for petitioner.

<u>Guy G. LaVignera</u> and <u>Patricia H. Delzotti</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax for 1999 and a penalty as follows:

| Deficiency | Accuracy-Related Penalty Under Sec. 6662(a) |
|---|---|
| $22,252 | $4,450 |

The principal issue for decision is whether $60,000 distributed to petitioner from an individual retirement account is to be included in petitioner's taxable income.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was submitted fully stipulated under Rule 122. The stipulated facts are so found.

At the time the petition was filed, petitioner resided in Cedar Grove, New Jersey.

Petitioner was born on February 24, 1948.

On July 25, 1997, petitioner and Norman A. Cohen (Norman) were divorced pursuant to a final judgment or decree of divorce, at which time financial and other matters with respect to the divorce were reserved for subsequent resolution.

On June 30, 1999, the Superior Court of New Jersey, County of Essex (Superior Court), entered an order reflecting its decision relating to the separate financial and other matters with respect to petitioner's and Norman's divorce. With respect to approximately $120,000 in funds that Norman had invested in an individual retirement account (IRA) in his name managed by Dreyfus Liquid Assets (Dreyfus), the court order stated that

Norman's Dreyfus IRA (Norman's IRA) "shall be forthwith divided equally" between petitioner and Norman.

In July of 1999, petitioner opened in her name a Dreyfus IRA. On the application for her Dreyfus IRA (petitioner's IRA), petitioner indicated that her IRA would be funded by a transfer of $60,000 from Norman's IRA.

On July 23, 1999, Norman mailed to Dreyfus a letter, enclosing a copy of the above court order, directing Dreyfus to transfer $60,000 from his IRA into petitioner's IRA. In the letter to Dreyfus, Norman indicated that the request to transfer the $60,000 was "due to a divorce settlement", and Norman attached to the letter petitioner's application to open her IRA.

On August 4, 1999, Dreyfus transferred the $60,000 from Norman's IRA directly into petitioner's IRA.

Four and a half months later, on December 21, 1999, petitioner signed a Dreyfus distribution request form, in which petitioner directed Dreyfus to "liquidate $60,000" from her IRA. The Dreyfus form stated expressly that --

> If you are requesting a distribution from a Traditional
> IRA * * *, you acknowledge that your Traditional IRA
> * * * will be subject to income tax and, if you are
> under age 59-1/2, a 10% penalty tax for premature
> distribution * * *.

Petitioner requested Dreyfus not to withhold any income tax from the distribution.

On December 23, 1999, Dreyfus issued a check payable to petitioner in the amount of $60,000. The check was drawn on petitioner's IRA, and when it was cashed, it was endorsed on the reverse side by petitioner and by Norman.

As between petitioner and Norman, the evidence is not clear as to who actually received the $60,000. Apparently, the $60,000 was used by petitioner to buy out Norman's interest in the marital home where petitioner was then living with petitioner's and Norman's two children.

A yearend statement of transactions relating to petitioner's IRA reflected a December 23, 1999, "Premature Distribution" of $60,000.

In early 2000, Dreyfus mailed to petitioner a Form 1099-R, Distributions from * * * IRAs * * *, which reflected the $60,000 distributed by Dreyfus from petitioner's IRA as a taxable distribution to petitioner. The Form 1099-R also reflected that Dreyfus had not withheld any Federal income tax from the distribution. Petitioner alleges that she never received this Form 1099-R.

On April 6, 2000, on her individual Federal income tax return for 1999, petitioner did not report the $60,000 IRA distribution as taxable income.

On February 8, 2002, respondent mailed a notice of deficiency to petitioner relating to petitioner's 1999 Federal

income tax return in which respondent treated the $60,000 distribution from petitioner's IRA as taxable income to petitioner against which an additional 10-percent tax applied, reflecting a total $22,252 tax deficiency. Also, respondent determined that petitioner was liable for a $4,450 accuracy-related penalty relating to petitioner's failure to report the $60,000 IRA distribution as taxable income.

## Discussion

Petitioner argues that the August 4, 1999, transfer of $60,000 out of Norman's IRA to petitioner's IRA should be treated as taxable to Norman, thereby giving petitioner a $60,000 tax basis in the $60,000 transferred into her IRA, resulting in zero taxable income on the distribution of the $60,000 out of her IRA.

Petitioner contends that the reason the $60,000 transfer out of Norman's IRA should be taxable to Norman is that the court's order (directing equal division of Norman's $120,000 IRA but not expressly directing establishment of a new IRA for petitioner's benefit into which $60,000 necessarily would be transferred) does not satisfy a requirement of section 408(d)(6) for Norman's distribution to be treated as a tax-free rollover.[1]

---

[1] Sec. 408(d)(6) provides as follows:

TRANSFER OF ACCOUNT INCIDENT TO DIVORCE.--The transfer of an individual's interest in an * * * [IRA] to his spouse or former spouse under a divorce or separation instrument described in subparagraph (A) of section 71(b)(2) is not to

(continued...)

We disagree. The order of the Superior Court, dated June 30, 1999, directs the equal division of Norman's IRA. The language of the court's order clearly is referring to an interest in Norman's IRA. The $60,000 transferred from Norman's IRA to petitioner's IRA reflected a one-half interest in Norman's IRA, and the transfer was made pursuant to a divorce or separation instrument.

Petitioner cites Czepiel v. Commissioner, T.C. Memo. 1999-289, in support of her position that the transfer of $60,000 from Norman's IRA to an IRA established for her benefit constituted a taxable distribution to Norman. Czepiel is distinguishable. Therein, the taxpayer was ordered to pay his former spouse $29,000 "as a further division of marital property" without any reference to an IRA as the source of the payment, and the taxpayer withdrew funds from his IRA to pay his former spouse.

We conclude that the distribution out of Norman's IRA to petitioner's IRA was not taxable to Norman, that Norman had no tax basis therein that was transferred to petitioner,[2] and that the distribution in December of 1999 of the $60,000 held in

---

[1](...continued)
be considered a taxable transfer made by such individual * * *, and such interest at the time of the transfer is to be treated as an * * * [IRA] of such spouse, and not of such individual. Thereafter such * * * [IRA] * * * is to be treated as maintained for the benefit of such spouse.

[2] Petitioner does not argue that Norman had a tax basis in his IRA prior to transferring an interest therein to petitioner.

petitioner's IRA constituted taxable income to petitioner.

Generally, under section 72(t)(1), a 10-percent additional tax is imposed on a taxpayer on that portion of an early distribution from a qualified IRA that is includable in the taxpayer's gross income. Because we have concluded that the $60,000 distribution constituted taxable income to petitioner and because no exception applies, it follows that petitioner is liable for the 10-percent additional tax on the $60,000 early distribution.

Under section 6662, an accuracy-related penalty is to be added to the portion of an underpayment of tax attributable to negligence, to a disregard of rules or regulations, or to a substantial understatement of income tax.

Generally, for purposes of the accuracy-related penalty, negligence includes a failure to make a reasonable attempt to comply with the tax laws. Sec. 6662(c). Negligence is indicated where a taxpayer fails to make a reasonable attempt to ascertain the correctness of the claimed tax treatment of an item, does not have a reasonable basis for such tax treatment, and does not act with reasonable cause and in good faith with respect to such tax treatment. Secs. 1.6662-3(b)(1)(ii), 1.6662-3(b)(3), 1.6664-4(a), Income Tax Regs.

Under section 7491(c), respondent has the burden of production with respect to any penalty. Once respondent comes

forward with evidence that a penalty is appropriate, respondent generally is regarded as having satisfied his burden of production, and the taxpayer continues to have the burden of proof with regard to whether a penalty should be imposed. See H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

The Form 1099-R mailed by Dreyfus to petitioner clearly reflected that the entire $60,000 distribution constituted the "taxable amount" of the distribution and that no Federal income tax was withheld from the distribution. Under the regulations, negligence is indicated where a taxpayer fails to include on her tax return an amount shown as taxable income on an information return. Sec. 1.6662-3(b)(1)(i), Income Tax Regs.

Despite petitioner's uncorroborated testimony that she never actually received the Form 1099-R mailed by Dreyfus to petitioner, petitioner does not deny receiving an annual statement that characterized the $60,000 distribution as a "Premature Distribution", and petitioner acknowledges that she completed and signed the distribution request form, which reflected a specific request not to apply income tax withholding to the distribution.

The evidence does not establish that petitioner had a reasonable basis for not reporting the $60,000 distribution on her 1999 Federal income tax return. We conclude that petitioner is liable for the section 6662(a) accuracy-related penalty.

To reflect the foregoing,

Decision will be entered

under Rule 155.